Filed 08/26/24  P. v. Lansdown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C100294 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 23F06823 & 23F07763) |
| v. | |
| JIMMIE LEE LANSDOWN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jimmie Lee Lansdown has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The People charged defendant in case No. 23F06823 with possession of methamphetamine (the drug possession case).  The complaint further alleged he had

1

suffered a prior serious felony conviction for an offense requiring registration, here, sexual battery on December 9, 2008.

The People then charged defendant in case No. 23F07763 with failure to register after moving to a residence following transiency (the failure to register case). This complaint further alleged as aggravating sentencing factors: defendant had served a prior prison term, was on probation or parole when the crime was committed, and had performed poorly while on probation or parole.

Defendant waived his right to a preliminary hearing in both cases.

On November 27, 2023, defendant resolved these cases and a parole violation petition by entering an open plea with sentencing exposure of no more than three years and eight months in prison. According to this agreement, he pled no contest to the charges in both cases and admitted several parole violations, as well as the aggravating factor that he had served prior prison terms. The stipulated factual basis for defendant's plea in the failure to register case was taken from his probation report, and the stipulated factual basis for his plea in the possession case was an identified police report.

Defendant's sentencing occurred on January 4, 2024. Defendant requested the trial court to grant him probation. The trial court denied defendant's request and sentenced him to the plea agreement lid of three years and eight months comprised of the upper term of three years for the failure to register case plus eight months (one-third the midterm) for the drug possession case. The court also awarded 125 actual days, plus 124 conduct days for a total of 249 days custody credit. The court imposed a $300 restitution fine and a matching, suspended parole revocation restitution fine.

Defendant timely appealed and did not request a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.

2

(*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed and has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


　/s/
MESIWALA, J.



We concur:



　/s/
EARL, P. J.



　/s/
MAURO, J.